In re DREDGE, TWO BARGES, AND THE BUD III.

(District Court, S. D. Florida. May 14, 1918.)

1. TOWAGE ⊂⇒9—MARITIME LIENS—SERVICE UNDER CONTRACT.
    Where libelant was employed at a stated per diem for himself and his boat to do such work as was required, he is not entitled to a maritime lien for towage performed under the contract.

2. TOWAGE ⊂⇒9—LIENS—EQUITY.
    Where libelant, who towed a dredge under a general contract of employment, knew that it was the property of a stranger, and payments made under the contract were more than sufficient to discharge any claim for that service, equity will require them to be appropriated to that towage, and no maritime lien against the dredge will be allowed.

In Admiralty. Libel by William A. Piner against an unnamed dredge, two barges, and the tugboat Bud III; the attachment being served on the dredge, the property of Boyd & Cox. Libel dismissed.

E. M. Semple, of Miami, Fla., for libelant.
Price, Price & Eyles, of Miami, Fla., for respondent.

CALL, District Judge. This is a libel by William A. Piner against an unnamed dredge, two barges, and the tugboat Bud III. The attachment was served upon the dredge, the property of Boyd & Cox. The dredge was hired by the Florida Key Stone Company at the time the service for which the claim is made was rendered. The facts as they appear from the testimony may be stated as follows:

The libelant was employed by the Florida Key Stone Company at a stated per diem for himself and boat Cecelie; the service commencing in November, 1916. The employment contemplated service to be rendered by libelant in his personal capacity to the plant of the company, doing such work with his boat as was required, etc. There is some conflict as to whether the boat was to be paid for each day, or only when used; but the weight of the testimony supports the latter view. While engaged thus generally in pursuance of such instruc-

tions, libelant went to the dock of Boyd & Cox on December 1st, and made fast to the dredge and one barge, and towed the same to the plant of the company. He testifies he towed other barges loaded with lumber, a raft of logs, etc., and moved the water barge on several occasions from the dredge to the shore and from the shore to the dredge. He also testifies, and it is not disputed, that he performed other services in a personal capacity pursuant to such general employment. From time to time payments were made, leaving a balance due him, the amount being in dispute.

[1, 2] It is to collect this balance the libel was filed, and a maritime lien for same claimed on the dredge. This claim cannot be allowed. It is not an ordinary contract of towage, for which a maritime lien will be allowed. In the instant case the only service to the dredge clearly proven, to have been rendered is the towage of the dredge on December 1st, and probably the moving and towing of the water barge, the fresh water from which was jointly used at the works of the company and for the boilers of the dredge.

It seems to me the case of The Alligator, 161 Fed. 37, 88 C. C. A. 201, governs the instant case. In any event the payments received by the libelant are more than sufficient to discharge any indebtedness due him for towing the dredge and water barge, and the libelant being aware at the time of rendering the service that the dredge was not the property of the company, and the service being performed under the general contract of employment, equity would require these payments to be appropriated to the payment of any amount due for such services and the release of a stranger's property.

A decree will be entered, dismissing the libel, at the costs of the libelant.